PILLSBURY WINTHROP SHAW PITTMAN LLP
BLAINE I. GREEN (SBN 193028)
blaine.green@pillsburylaw.com
DUSTIN CHASE-WOODS (SBN 318628)
dustin.chasewoods@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:     415.983.1000
Facsimile:     415.983.1200

LAWYERS' COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY AREA
BREE BERNWANGER (SBN 331731)
bbernwanger@lccrsf.org
VICTORIA PETTY (SBN 338689)
vpetty@lccrsf.org
131 Steuart Street #400
San Francisco, CA 94105
Telephone:     415.814.7631

Attorneys for Plaintiffs Eduardo I.T.; Edwin E.I.I.;
Ignacio P.G.; Leonel Y.P.G., a minor child;
Benjamin J.R.; and William A.J.M.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO I.T., EDWIN E.I.I., Ignacio P.G., Leonel Y.P.G., a minor child, Benjamin J.R., and William A.J.M.<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | Case No. 3:22-cv-5333<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYMS** |

Plaintiffs hereby bring this administrative motion to proceed under pseudonyms.

## I.  INTRODUCTION

All six Plaintiffs in this action are indigenous Maya Mam asylum-seekers who fled violence in Guatemala to seek safety, then suffered severe trauma while in United States government detention. Plaintiffs seek to litigate this matter under pseudonyms.[1] To be clear, Plaintiffs will provide Defendant with their names and other identifying information, and will disclose their names to the Court in whatever manner the Court directs. Plaintiffs seek only to protect prevent members of the general public, including potential persecutors in Guatemala, from connecting the facts of this action to their true identities.

Plaintiffs easily meet the Ninth Circuit standard for proceeding under pseudonyms. Further, courts routinely permit asylum-seeker plaintiffs to proceed under pseudonyms. Indeed, in damages litigation arising from similar facts, where the plaintiffs presented privacy concerns closely resembling those that Plaintiffs present here, a court in this District granted a motion to litigate under pseudonyms. *See P.G. v. United States*, 21-cv-04457, E.C.F. No. 12 (N.D. Cal. June 17, 2021). For the reasons described below, Plaintiffs respectfully request that the Court likewise grant this motion.

## II.  FACTUAL BACKGROUND

Plaintiffs are three father-son pairs.

Plaintiffs Eduardo I.T. and Edwin E.I.I. are father and son, respectively. Eduardo and Edwin are citizens of Guatemala. They fled Guatemala for the United States because they fear persecution. Eduardo has a pending asylum application that, if granted, will enable his son Edwin to derive asylum status.  *See* Compl. ¶¶ 8 & 67.

Plaintiffs Ignacio P.G. and Leonel Y.P.G. are father and son, respectively. Ignacio and Leonel are citizens of Guatemala. Leonel is a minor. They fled Guatemala because they fear persecution. Ignacio has a pending asylum application that, if granted, will enable his son Leonel to

---

[1] All Plaintiffs bring this motion, but the Motion's purpose is to protect the adult Plaintiffs' identities. Plaintiff Leonel Y.P.G. is a minor child, and would ordinarily file under his initials, *see* Fed. R. Civ. P. 5.2(a)(3), but that rule does not protect the remaining plaintiffs' identities. This motion therefore focuses on the remaining Plaintiffs' privacy interests. Leonel Y.P.G seeks to use a pseudonym (that corresponds to his initials) for the purpose of making the filings easier to comprehend.

seek derivative asylum status. *See* Compl. ¶¶ 9 & 105.

Plaintiffs Benjamin J.R. and William A.J.M. are father and son, respectively. Benjamin and Leonel are citizens of Guatemala. They fled Guatemala because they fear persecution. Benjamin has a pending asylum application that, if granted, will enable his son William to seek derivative asylum status. *See* Compl. ¶¶ 9 & 126.

When Plaintiffs arrived to the United States, Border Patrol agents arrested them, then separated them for extended periods of time. This litigation alleges that the act of separating Plaintiffs and the manner in which they were separated were unlawful. Plaintiffs assert claims against the United States under the Federal Torts Claim Act (FTCA).

### III. LEGAL STANDARD

"[A]nonymity is only proper under 'special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.'" *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1144 (N.D. Cal. 2016) (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)). In the Ninth Circuit, such "special circumstances" exist where "anonymity is 'necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). A "fear of retaliatory harm" or a "need for privacy" can suffice to meet that standard. *Id.* (citing *Advanced Textile*, 214 F.3d at 1068); *see also id.* at 1070 (standard met where litigant faces "greater threats of retaliation" than a typical plaintiff) (brackets omitted).

### IV. ARGUMENT

Plaintiffs easily meet the Ninth Circuit standard for litigating under pseudonyms.

#### A. Immigration law and federal courts recognize a compelling need to protect the anonymity of asylum seekers.

Federal laws governing the public's access to court proceedings reflect a compelling need to protect asylum-seekers' anonymity. Regulations safeguard asylum seekers' identities. Both Department of Homeland Security ("DHS") and Department of Justice ("DOJ") regulations bar the disclosure of records indicating that a non-citizen has applied for asylum. *See* 8 C.F.R. § 208.6(b); 8 C.F.R. § 1208.6(b). Immigration courts, which are housed within the DOJ's Executive Office of

Immigration Review ("EOIR"), are ordinarily open to the public. However, pursuant to Sections 208.6(b) and 1208.6(b), asylum proceedings in immigration court are closed to the public. The Federal Rules of Civil Procedure, too, limit public access to files in immigration cases, Fed. R. Civ. P. 5.2(c), because "sensitive information" is "prevalen[t]" in immigration cases.[2]

Even where civil litigation does not directly touch upon the asylum application itself, moreover, courts in this District allow asylum seekers to litigate under a pseudonym.[3] This practice is the same throughout the federal courts, which allow asylum seekers to proceed anonymously to protect their identities from disclosure to potential persecutors.[4] More generally, courts permit undocumented immigrants and other particularly vulnerable plaintiffs to litigate under pseudonyms.[5] Indeed, in *Plyler v. Doe*, the landmark Supreme Court decision addressing the right of undocumented children to receive a public education, the plaintiffs proceeded anonymously. 457 U.S. 202 (1982).

Notably, Plaintiffs are not the first to bring FTCA claims arising from a policy implemented by the federal government in 2018 of forcibly separating families at the southern border. In cases where plaintiffs have sought anonymity, courts have unanimously granted it.[6]

---

[2] Fed. R. Civ. P. 5.2 advisory committee note on subdivision (c).

[3] *E.g.*, *Innovation L. Lab v. Nielsen*, 366 F. Supp. 3d 1110, 1117 n.3 (N.D. Cal. 2019) (in class action challenging procedural regulations, granting "unopposed motion of the individual plaintiffs to proceed in this litigation under pseudonyms"), *vacated on unrelated mootness grounds and remanded sub nom. Innovation L. Lab v. Mayorkas*, 5 F.4th 1099 (9th Cir. 2021); *Doe v. Risch*, 398 F. Supp. 3d 647 (N.D. Cal. 2019) (similar case; granting motion to proceed under pseudonym); *see also Jane Doe 1 v. Nielsen*, 357 F. Supp. 3d 972, 981 n.2 (N.D. Cal. 2018) (noting that litigants had been allowed to proceed under pseudonym in challenge to visa denial).

[4] *See*, *e.g.*, *John Doe v. Gonzales*, 484 F.3d 445 (7th Cir. 2007); *Doe v. U.S. Immigr. & Naturalization Servs.*, 867 F.2d 285, 286 n.1 (6th Cir. 1989); *A.B.T. v. U.S. Citizenship & Immigr. Servs.*, No. 2:11-cv-02108 RAJ, 2012 WL 2995064 (W.D. Wash. July 20, 2012).

[5] *E.g.*, *Doe v. Penzato*, No. CV10-5154-MEJ, 2011 WL 1833007, at *5 (N.D. Cal. May 13, 2011) (granting motion to proceed anonymously where foreign-national plaintiff alleged sexual assault by defendant); *see also Lozano v. City of Hazelton*, 620 F.3d 170, 194-95 (3d Cir. 2010), *vacated on other grounds*, 131 S. Ct. 2958 (2011); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses"); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (plaintiff challenging religious ceremonies in public school allowed to proceed anonymously to protect against harassment).

[6] *See P.G. v. United States*, 21-cv-04457, ECF No. 12 (N.D. Cal. June 17, 2021); *E.C.B. v. United*

It is unsurprising that courts have consistently allowed plaintiffs to proceed anonymously in cases similar to Plaintiffs' case here. Plaintiffs fall into the class of persons that these court cases seek to protect. Plaintiffs fled Guatemala because of violence, and fear that if they return there, they will be subject to persecution. Moreover, this litigation centers on the trauma that Plaintiffs experienced while detained by immigration authorities and the continuing trauma they have experienced since their release.[7] This information could be leveraged by past and potential persecutors in Guatemala, and thus should not be disclosed publicly.[8]

The potential impact of the litigation itself on Plaintiffs also militates in favor of allowing Plaintiffs to proceed under pseudonyms. Public disclosure of abuse and trauma "can trigger new trauma even years after the fact," a consideration that weighs in favor of anonymity. *John Doe 140 v. Archdiocese of Portland in Oregon*, 249 F.R.D. 358, 361 (D. Or. 2008). And publicly exposing the identities of victims of particularly serious harms could "chill the willingness" of similarly-situated parties from seeking to vindicate their rights in court. *Doe*, 2011 WL 1833007 at *5 (James, C.M.J.).

Plaintiffs thus have a reasonable fear of suffering harm if their identities are disclosed. They should be allowed to proceed under pseudonyms, as courts have allowed similarly situated plaintiffs to do in litigation concerning similar events.

### B.  Plaintiffs' privacy interests outweigh competing interests.

Granting this motion will not prejudice Defendant. Plaintiffs will provide their names and other personally identifying information to Defendant. Indeed, Plaintiffs have already disclosed their names to the relevant government agencies in their administrative claims, *see* Compl. ¶ 5; therefore,

---

*States*, 21-cv-04457, ECF No. 6 (D. Ariz. May 31, 2022); *E.L.A. v. United States*, 20-cv-1524-RAJ, ECF No. 24 (W.D. Wash. Apr. 21, 2021); *C.D.A. v. United States*, 21-cv-00469, ECF No. 12 (E.D. Pa. Mar. 25, 2021); *E.S.M. v. United States*, 21-cv-00029-JAS, ECF No. 7 (D. Ariz. Jan. 27, 2021); *C.M. v. United States*, 19-cv-05217-SRB, ECF No. 7 (D. Ariz. Sept. 23, 2019).

[7] Compl. ¶¶ 70 (separation of Eduardo and Edwin), 103 (Eduardo diagnosed with psychological disorders), 112 (separation of Ignacio and Leonel), 120 (Leonel in total linguistic isolation while in ORR custody), 124 (Ignacio's suffering from nightmares and intrusive thoughts), 133 (separation of Benjamin and William), 159-61 (botched reunification of William and Benjamin), 169 (Benjamin's continued suffering after release), 170 (William's suffering from intrusive thoughts and depression).

[8] Elliot Spagat, Ben Fox, & Claudia Torrens, *Families Separated at the Border Now Face Extortion Attempts*, AP News (Jan. 10, 2022), available at https://apnews.com/article/immigration-united-states-central-america-778c31666f83cf95d1b2ce978f40b9b5.

Defendant already has access to their identities. *See Unknown Party v. Arizona Bd. of Regents*, No. CV-18-01623-PHX-DWL, 2019 WL 4394549, at *1 (D. Ariz. Sept. 13, 2019) (anonymity posed no prejudice to the defendants, who were already aware of who the plaintiff was). Plaintiffs will also provide the Court with their identities under seal or following whichever procedure the Court directs.

Nor will the Plaintiffs' anonymity thwart any countervailing public interest. Plaintiffs request only to withhold their names from the public record, not the facts and law underlying the case. "The great bulk of this case will be on the public record. The basic facts of [Plaintiffs' experiences under the Family Separation Policy] and the defendants' challenged conduct, the court's reasoning, and the resulting interplay of those things—which is to say, in a word, the law that runs through and results from this case—will be open to the public." *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015) (Beeler, M.J. granting motion to litigate anonymously). Therefore, permitting Plaintiffs to pursue this litigation under pseudonyms will not interfere with the public interest in open courts.

## V.   CONCLUSION

Plaintiffs respectfully request that the Court grant this motion and permit them to proceed under pseudonyms. Plaintiffs additionally request that, pursuant to Federal Rule of Civil Procedure 5.2(e), this Court order all parties to use Plaintiffs' pseudonyms in all documents filed in this action and not to publicly disclose Plaintiffs' true identities.

Dated:  September 20, 2022

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: /S/ DUSTIN CHASE-WOODS
BLAINE I. GREEN
DUSTIN CHASE-WOODS

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA

BREE BERNWANGER
VICTORIA PETTY

Attorneys for Plaintiffs Eduardo I.T.; Edwin E.I.I.; Ignacio P.G.; Leonel Y.P.G., a minor child; Benjamin J.R.; and William A.J.M.