PILLSBURY WINTHROP SHAW PITTMAN LLP
BLAINE I. GREEN (SBN 193028)
blaine.green@pillsburylaw.com
DUSTIN CHASE-WOODS (SBN 318628)
dustin.chasewoods@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:   415.983.1000
Facsimile:    415.983.1200

LAWYERS' COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY AREA
BREE BERNWANGER (SBN 331731)
bbernwanger@lccrsf.org
VICTORIA PETTY (SBN 338689)
vpetty@llcrsf.org
131 Steuart Street, #400
San Francisco, CA  94015
Telephone: 415.814.7631

Attorneys for Plaintiffs Eduardo I.T.; Edwin E.I.I.;
Ignacio P.G.; Leonel Y.P.G., a minor child;
Benjamin J.R.; and William A.J.M.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO I.T., EDWIN E.I.I., Ignacio P.G., Leonel Y.P.G., a minor child, Benjamin J.R., and William A.J.M.,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA<br><br>　　　　　Defendant. | Case No. 3:22-cv-5333<br><br>***EX PARTE* APPLICATION FOR APPOINTMENT OF GUARDIAN AD LITEM FOR PLAINTIFF LEONEL Y.P.G. AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

***EX PARTE* APPLICATION FOR APPOINTMENT OF GUARDIAN AD LITEM**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE THAT Plaintiff Ignacio P.G. hereby applies to this Court *ex parte* for an Order appointing him as guardian ad litem for his minor child, Leonel Y.P.G. who is a plaintiff in this action.  The requested order is necessary to protect the minor child's interests in this action. This ex parte application is based on the accompanying memorandum of points and authorities.


Dated:  September  20, 2022                          PILLSBURY WINTHROP SHAW
                                                    PITTMAN LLP


                                                    /S/ DUSTIN CHASE-WOODS
                                            By:   BLAINE I. GREEN
                                                    DUSTIN CHASE-WOODS
                                                    Attorneys for Plaintiffs Ignacio P.G. and
                                                    Leonel Y.P.G.

## I.      INTRODUCTION

Under the Federal Rules of Civil Procedure, minor children must litigate through a guardian ad litem.  There are six plaintiffs in this case.  They are three pairs of fathers and sons.  All parents and children suffered similar harms and bring substantially overlapping claims.  One of the child plaintiffs, Leonel Y.P.G., is a minor.  Plaintiff Leonel's father is Plaintiff Ignacio P.G.[1]  Ignacio seeks to present Leonel's related, but independent claims to this Court, and he should be permitted to do so as a guardian ad litem.

## II.      FACTUAL BACKGROUND

Plaintiffs Ignacio P.G. and Leonel Y.P.G. are father and son, respectively. Ignacio and Leonel are citizens of Guatemala. Leonel is a minor. They fled Guatemala because they fear persecution. Ignacio has a pending asylum application that, if granted, will enable his son Leonel to seek derivative asylum status. *See* Compl. ¶¶ 9 & 105.

When Ignacio and Leonel arrived to the United States, Border Patrol agents arrested them, then separated them for extended periods of time. This litigation alleges that the act of separating Leonel and Ignacio and the manner in which they were separated were unlawful. Ignacio and Leonel, along with the other four Plaintiffs to this action, assert claims against the United States under the Federal Torts Claim Act (FTCA).

## III.      ARGUMENT

### A.      Legal Standard

Federal Rule of Civil Procedure 17(c) permits a minor or incompetent person who does not have a duly appointed representative to sue by a next friend or guardian ad litem.  Rule 17 further requires the Court to appoint a guardian ad litem or issue another appropriate order to protect such a minor or incompetent person.  A person's capacity to sue in federal court as an individual is governed by the law of her domicile. Fed. R. Civ. P. 17(b).  Plaintiffs reside in and are domiciled in California.  In California, an individual under the age of eighteen is a minor.  Cal. Fam. Code §

---

[1]  These are pseudonyms.  All plaintiffs, including Ignacio and Leonel, seek to litigate pseudonymously and concurrently file the appropriate motion with the Court.

6502.  "A minor who is a party in a lawsuit must appear 'by a guardian ad litem appointed by the court in which the action or proceeding is pending . . . .'" *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 46 (2007) (quoting Cal. Code Civ. Proc. § 372(a)).  In this District, the appointment of a guardian ad litem is usually made by ex parte application. *See Kulya v. City and Cty. of San Francisco,* No. C 06-06539 JSW, 2007 WL 760776 at *1 (N.D. Cal. March 9, 2007); *Bhatia v. Corrigan*, No. C 07-2054 CW, 2007 WL 1455908 at *1 (N.D. Cal. May 16, 2007); *see also In re Marriage of Caballero*, 27 Cal. App. 4th 1139, 1149 (1994).

"A court has broad discretion in ruling on a guardian ad litem application."  *Kulya*, 2007 WL 760776 at *1 (quoting *Williams*, 147 Cal. App. 4th at 47).  "When choosing a guardian ad litem for a civil lawsuit, the most important issue is protection of the minor's interest in the litigation." *Id.* (citing *Williams*, 147 Cal. App. 4th at 47).  The proposed guardian ad litem must show "a true dedication to the best interest of the minor" and "some significant relationship with the minor."  *Guerrero v. Brentwood Union Sch. Dist.*, No. C 13-03873 LB, 2014 WL 1028862 at *1 n.2 (N.D. Cal. Mar. 17, 2014) (citing *Anthem Life Ins. Co. v. Olguin*, No. 1:06-cv-01165, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007)). As long as there is no conflict of interest, a parent is commonly appointed as guardian ad litem.  *Guerrero*, 2014 WL 1028862 at *1-2& n.2 (citing *Anthem*, 2007 WL 1390672, at *2).

## B.      The Court Should Appoint Plaintiff Ignacio P.G. to be a Guardian Ad Litem for His Son, Plaintiff Leonel Y.P.G.

To litigate his claims, Leonel needs a guardian ad litem because he is a minor child.  As a matter of law, he is unable to represent himself in legal proceedings under California law.  *See* Cal. Code Civ. Proc. § 372(a).  The Court must therefore appoint a guardian ad litem or other representative to allow him to appear in this Court.  *See Lee v. Retail Store Emp. Bldg. Corp.*, No. 15-cv-04768-LHK, 2017 WL 565710, at *3 (N.D. Cal. Feb. 13, 2017).

Plaintiff Ignacio more than meets the requirements to be appointed guardian ad litem for his child. ***First***, California courts commonly appoint parents to serve as guardians ad litem.  *See Guerrero*, 2014 WL 1028862, at *1 n.2 (parents commonly appointed); *e.g., Student A v. Berkeley Unif. Sch. Dist.*, No. 17-cv-02510-MEJ, 2017 WL 2171254, at *2-*3 (N.D. Cal. May 17, 2017) (appointing parents).  Here,

there is no dispute that Ignacio is father to Leonel; indeed, Defendant reunited Ignacio with Leonel and released the Leonel to the Ignacio's care.  *See* Compl. ¶ 122.

*Second*, a guardian ad litem must be dedicated to protecting the minor's interests.  *See Guerrero*, 2014 WL 1028862, at *1 n.2.  Plaintiff Ignacio easily meets this standard.  As the Complaint sets forth in further detail, this case challenges a federal policy of indiscriminately separating immigrant parents from children.  Ignacio fought tooth and nail, from detention, against this policy and to be reunited with Leonel.  *E.g.*, Compl. ¶¶ 111 (Ignacio attempting to convince Border Patrol officers not to take Leonel away), 119 (Ignacio seeks phone credit donations from another detained man and money from family members to be able to call Leonel).  Leonel is also applying for asylum with his father, Ignacio.  Compl. ¶ 9.  Accordingly, Ignacio already serves as guardian ad litem to Leonel in that context.  Leonel's claims are aligned with his father's and the other four plaintiffs to this action, and Ignacio is able to manage litigation on behalf of Leonel.

Ignacio meets the requirements to serve as a guardian ad litem.  The court should appoint him to do so.  *See Guerrero*, 2014 WL 1028862, at *1 n.2; *Kulya*, 2007 WL 760776 at *1 (citing *Williams*, 147 Cal. App. 4th at 47).

## IV.   CONCLUSION

Plaintiff Ignacio P.G. respectfully requests that this Court enter the concurrently filed proposed order appointing him as guardian ad litem in this matter.

Dated:  September 20, 2022                     PILLSBURY WINTHROP SHAW
                                               PITTMAN LLP


                                               /S/ DUSTIN CHASE-WOODS
                                        By:    BLAINE I. GREEN
                                               DUSTIN CHASE-WOODS

                                               Attorneys for Plaintiffs Ignacio P.G.;
                                               Leonel Y.P.G., a minor child