1  PILLSBURY WINTHROP SHAW PITTMAN LLP
2  BLAINE I. GREEN (SBN 193028)
   blaine.green@pillsburylaw.com
3  DUSTIN CHASE-WOODS (SBN 318628)
   dustin.chasewoods@pillsburylaw.com
4  Four Embarcadero Center, 22nd Floor
   San Francisco, CA 94111-5998
5  Telephone: 415.983.1000
   Facsimile: 415.983.1200
6
7  Attorneys for Plaintiffs Eduardo I.T.; Edwin E.I.I.;
   Ignacio P.G.; Leonel Y.P.G., a minor child;
   Benjamin J.R.; and William A.J.M.
8

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY
AREA
VICTORIA PETTY (SBN 338689)
vpetty@lccrsf.org
131 Steuart Street #400
San Francisco, CA 94105
Telephone: 415.814.7631

9  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
10 MICHELLE LO (NYRN 4325163)
   Chief, Civil Division
11 KENNETH W. BRAKEBILL (CABN 196696)
   KELSEY J. HELLAND (CABN 298888)
12 Assistant United States Attorneys
13 450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
14 Telephone: (415) 436-7167
   Fax: (415) 436-6748
15 Kelsey.helland@usdoj.gov
16 Attorneys for Defendant

17                  UNITED STATES DISTRICT COURT

18                 NORTHERN DISTRICT OF CALIFORNIA

19                        OAKLAND DIVISION

| | |
|---|---|
| 20  EDUARDO I.T., EDWIN E.I.I., Ignacio P.G., Leonel Y.P.G., a minor child, Benjamin J.R., and William A.J.M. | CASE NO. 4:22-cv-05333-DMR |
| 21 | **STIPULATION FOR COMPROMISE** |
| 22       Plaintiffs, | **SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677** |
| 23    v. | |
| 24  UNITED STATES OF AMERICA, | |
| 25       Defendant. | |

26          It is hereby stipulated and agreed by and between the undersigned Plaintiffs (meaning ▮▮▮
27

1   ████████████ and L.Y.P.G., a minor child)[1] and any person, other than the Defendant and the Parties'

2   attorneys, signing this agreement waiving and releasing claims (whether or not a party to this civil

3   action), and the Defendant, United States of America, including its agents, servants, and employees

4   (hereinafter "United States"), collectively, "the Parties," by and through their respective attorneys, as

5   follows:

6       1.      The parties to this Stipulation for Compromise Settlement and Release (hereinafter

7   "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether

8   known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or

9   omissions that gave rise to the above-captioned action under the terms and conditions set forth in this

10  Stipulation.  This release does not apply to or affect in any way any claims for immigration relief, which

11  Plaintiffs have or may advance against the United States or any non-monetary relief to which Plaintiffs

12  may be or become entitled by virtue of any class action lawsuit.

13      2.      This Stipulation is not, is in no way intended to be, and should not be construed as, an

14  admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is

15  specifically denied that they are liable to Plaintiffs.  This Stipulation is entered into by all parties for the

16  purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses

17  and risks of further litigation.

18      3.      In consideration for Plaintiffs' agreement to accept the terms and conditions of this

19  settlement, the United States agrees to pay Plaintiffs the amount of Two Hundred and Seventy Thousand

20  Dollars ($270,000.00) (hereinafter "Settlement Amount") as follows:

21  a.      Within five (5) business days after counsel for the United States receives (1) this Stipulation

22  signed by all parties to said document; (2) Order(s) approving the settlement and authorizing an

23  individual or entity to sign on behalf of any minor or legally incapacitated adult; (3) the Social Security

24  numbers or tax identification numbers of Plaintiffs and the tax identification numbers of Plaintiffs'

25  attorneys' IOLTA; (4) Plaintiffs' attorney's bank account number, bank routing information, and all

26

27      [1] On December 9, 2022, the Court granted Plaintiffs' request to proceed under pseudonym in the above-captioned case.  *See* Dkt. Nos. 4 & 20.

28  STIP. FOR COMPROMISE SETTLEMENT & RELEASE OF FTCA CLAIMS
    4:22-CV-05333-DMR

                                    2

1   information required for an electronic funds transfer ("EFT") of the Settlement Amount; and (5) an

2   authorization by the Attorney General or his designee to conclude negotiations and to consummate the

3   settlement, counsel for the United States will submit a request to the United States Treasury, requesting

4   an EFT for the Settlement Amount, made payable to the "**Pillsbury Winthrop Shaw Pittman LLP**

5   **IOLTA Account**."  Plaintiffs' attorneys agree to distribute the Settlement Amount to Plaintiffs, in

6   accordance with the terms and conditions of this Stipulation.

7       b.      With respect to the payment of the Settlement Amount, Plaintiffs stipulate and agree that

8   the United States will not sign an annuity application form, a uniform qualified settlement form, or any

9   equivalent such forms, and that the United States will not pay the Settlement Amount into a qualified

10  settlement fund or an equivalent fund or account, settlement preservation trust, or special or

11  supplemental needs trust.  Plaintiffs further stipulate and agree that Plaintiffs, Plaintiffs' attorney(s), any

12  Guardian Ad Litem, and Plaintiffs' representatives (including any structured settlement annuity broker,

13  regardless of whether said broker was retained by them or by someone else, either before, during, or

14  after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner,

15  including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent.

16  However, nothing in this Paragraph 3.b. precludes Plaintiffs from purchasing non-qualified annuities

17  after Plaintiffs have received the Settlement Amount, but Plaintiffs agree not to represent to any person,

18  entity, or agency that Plaintiffs are purchasing qualified structured settlement annuities, and Plaintiffs

19  agree not to attempt to purchase such structured settlement annuities.

20      c.      Plaintiffs stipulate and agree that Plaintiffs' attorneys shall escrow the aggregate face

21  value of any and all currently known liens and currently known claims for payment or reimbursement,

22  including any such liens or claims by Medicaid or Medicare, arising directly or indirectly from the acts

23  or omissions that gave rise to the above-captioned action, whether disputed as legally valid or not, and

24  shall not distribute to Plaintiffs any portion of the escrowed amount unless and until said liens and

25  claims have been paid or resolved.

26      d.      The parties agree that any attorneys' fees owed by Plaintiffs relating to this Federal Tort

27  Claims Act matter shall not exceed twenty-five percent (25%) of the Settlement Amount.  28 U.S.C. §

28  STIP. FOR COMPROMISE SETTLEMENT & RELEASE OF FTCA CLAIMS
    4:22-CV-05333-DMR

1  2678.  The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses

2  incurred in bringing the above-captioned action, and their costs, expenses, and fees (including all fees of

3  any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of

4  any minor, incompetent adult, or estate required to sign this Stipulation, shall be paid out of the

5  Settlement Amount, and not in addition thereto.  The parties agree that any fees, including fees of any

6  legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court

7  proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not

8  costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

9          4.        Plaintiffs and Plaintiffs' guardians, Guardian Ad Litem (if any), heirs, executors,

10  administrators, and assigns hereby accept the settlement and the payment of the Settlement Amount in

11  full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of

12  any kind, whether known or unknown, including any future claims for survival or wrongful death, and

13  any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and

14  unknown, foreseen and unforeseen, bodily and personal injuries, including the death of either Plaintiff,

15  or damage to property, and the consequences thereof, which Plaintiffs or their heirs, executors,

16  administrators, or assigns have had, now have, or hereafter may have against the United States on

17  account of the acts or omissions that gave rise to the above-captioned action.

18          Plaintiffs, on behalf of themselves, their respective heirs, executors, administrators, assigns,

19  predecessors and successors in interest, do hereby, for good and valuable consideration, the receipt of

20  which is hereby acknowledged, release and forever discharge the United States, and its respective

21  officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all

22  claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or

23  unknown, suspected or unsuspected, that Plaintiffs have had, now have, or hereafter may have on

24  account of the acts or omissions that gave rise to the above-captioned action, as well as claims relating

25  to or arising out of the acts or omissions that gave rise to the above-captioned action that could have

26  been but were not alleged in this action.

27          Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to

28  STIP. FOR COMPROMISE SETTLEMENT & RELEASE OF FTCA CLAIMS
4:22-CV-05333-DMR

1  reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes

2  of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action,

3  liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to,

4  or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including

5  claims or causes of action for wrongful death.

6      Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further stipulate

7  and agree that they are legally responsible for any and all past, present, and future liens and past,

8  present, and future claims for payment or reimbursement, including any past, present, and future liens or

9  claims for payment or reimbursement by any individual or entity, including an insurance company,

10  Medicaid (including the State of California) from the acts or omissions that gave rise to the above-

11  captioned action.  Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past,

12  present, and future liens or claims for payment or reimbursement asserted by any such individual or

13  entity.  Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien

14  or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United

15  States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived

16  and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied

17  by a letter from Plaintiffs' attorneys representing to counsel for the United States that such lien or claim

18  has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

19      5.      This compromise settlement is specifically subject to each of the following conditions:

20          a.      The Attorney General or the Attorney General's designee must approve the terms

21  and conditions of the settlement and authorize the attorney representing the United States to

22  consummate a settlement for the amount and upon the terms and conditions agreed upon by the Parties,

23  as set forth in this Stipulation.

24          b.      The parties must agree in writing to the terms, conditions, and requirements of

25  this Stipulation.  The parties stipulate and agree that the Stipulation and the compromise settlement are

26  null and void in the event the parties cannot agree on the terms, conditions, and requirements of this

27  Stipulation.  The terms, conditions, and requirements of this Stipulation are not severable and the failure

28  STIP. FOR COMPROMISE SETTLEMENT & RELEASE OF FTCA CLAIMS
4:22-CV-05333-DMR

1  to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and

2  the compromise settlement null and void.  The parties must agree to the terms, conditions, and

3  requirements of this Stipulation before the United States Attorney's Office will seek settlement authority

4  from the Attorney General or the Attorney General's designee.

5            c.        Plaintiffs must obtain, at their expense, approval of the settlement by a court of

6  competent jurisdiction on behalf of any minor Plaintiff.  The Order approving the settlement on behalf

7  of such minor Plaintiff may be obtained from either the United States District Court for the Northern

8  District of California or a state court of competent jurisdiction.  The terms of any court Order, a draft of

9  which shall be provided by the United States, are a condition of this settlement.  Plaintiffs agree to

10 obtain such approval(s) in a timely manner: time being of the essence.  Plaintiffs further agree that the

11 United States may void this settlement at its option in the event any such approval is not obtained in a

12 timely manner.  In the event Plaintiffs fail to obtain such court approval(s), the entire Stipulation and the

13 compromise settlement are null and void. Plaintiffs must obtain such court Order before the United

14 States Attorney's Office will seek settlement authority from the Attorney General or the Attorney

15 General's designee.

16            d.        Plaintiffs must obtain a release and waiver of any claim or cause of action

17 (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may

18 have in the future against the United States arising out of the acts or omissions that gave rise to the

19 above-captioned action.  This condition is for the benefit of the United States exclusively.  The United

20 States will provide the form of Release and Waiver, or any changes to the form required by the United

21 States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor. Before the

22 United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney

23 General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers

24 required by this Paragraph 5.d., or (ii) a written representation by Plaintiffs' attorneys stating that, after a

25 diligent search of counsel's law firms' records and files, including expert and consultant reports, and of

26 Plaintiffs' records and files, Plaintiffs and their attorneys are unaware of any such potential tortfeasor.

27            e.        Plaintiffs must obtain an order from the United States District Court for the

28 STIP. FOR COMPROMISE SETTLEMENT & RELEASE OF FTCA CLAIMS
4:22-CV-05333-DMR

1    Northern District of California dismissing this action in its entirety with prejudice, with each side

2    bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the

3    above captioned action, this settlement, or the United States.

4         6.       The Parties agree that this Stipulation, including all the terms and conditions of this

5    compromise settlement and any additional agreements relating thereto, may be made public in their

6    entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7         7.       Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state,

8    and local tax requirements.  Plaintiffs execute this Stipulation without reliance upon any representation

9    by the United States as to tax consequences, and Plaintiffs agree that they are responsible for the

10   payment of all taxes that may be associated with this settlement.  Further, nothing in this Stipulation

11   waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may

12   apply to this Stipulation or the Settlement Amount proceeds.  Plaintiffs execute this Stipulation without

13   reliance on any representation by the United States as to the application of any such law.  Plaintiffs, on

14   behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees,

15   predecessors in interest, and successors in interest, understand and agree that this transaction may be

16   reported to the Internal Revenue Service and other government agencies in the ordinary course of the

17   business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

18        8.       Plaintiffs represent that they have read, reviewed and understand this Stipulation, or

19   represent that they have had this Stipulation read to them by a certified interpreter and understand its

20   terms, and that they are fully authorized to enter into the terms and conditions of this agreement and that

21   they agree to be bound thereby. Plaintiffs further acknowledge that they enter into this Stipulation freely

22   and voluntarily. Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this

23   Stipulation with their attorneys, who have explained the documents to Plaintiffs, and that Plaintiffs

24   understand all of the terms and conditions of this Stipulation.

25        9.       It is contemplated that this Stipulation may be executed in several counterparts, with a

26   separate signature page for each party. All such counterparts and signature pages, together, shall be

27   deemed to be one document.

28   STIP. FOR COMPROMISE SETTLEMENT & RELEASE OF FTCA CLAIMS
     4:22-CV-05333-DMR

1    WHEREAS, the Parties accept the terms of this Stipulation for Compromise Settlement and

2  Release as of the dates written below:

3

4

5  Executed this____day of_____, 2024.

6

7                                                          ISMAIL J. RAMSEY
                                                           United States Attorney

8                                                          _____

9                                                          KENNETH W. BRAKEBILL
                                                           Assistant United States Attorney

10

11                                                         _____

                                                           KELSEY J. HELLAND
12                                                         Assistant United States Attorney

13                                                         Counsel for the United States of America

14

15  Executed this____day of_____, 2024.

16                                                         PILLSBURY WINTHROP SHAW PITTMAN LLC

17                                                         By: _____
                                                                  [NAME]

18

19                                                         LAWYERS' COMMITTEE FOR CIVIL RIGHTS
                                                           OF THE SAN FRANCISCO BAY AREA

20
                                                           By: _____
21                                                                [NAME]

22                                                         Counsel for Plaintiffs

23  Executed this____day of_____, 2024.

24                                                         ███████████████████████

25

26                                                              ███████████████████

27
                                                           L.Y.P.G.
28  STIP. FOR COMPROMISE SETTLEMENT & RELEASE OF FTCA CLAIMS
    4:22-CV-05333-DMR

By: _____, parent and natural
guardian of L.Y.P.G.

STIP. FOR COMPROMISE SETTLEMENT & RELEASE OF FTCA CLAIMS
4:22-CV-05333-DMR